IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHEE ABD RASHEED, aka JAMES E. SMITH,<br><br>        Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO SHERIFF'S DEPT., et al.,<br><br>        Defendants. | 1:08-cv-01826-OWW-YNP-SMS-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. 11) |

    Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the Court is Plaintiff's motion for reconsideration of the August 4, 2009, order dismissing this action pursuant to Local Rule 110 for Plaintiff's failure to obey a court order.

    On May 14, 2009, an order was entered, adopting the findings and recommendation of the Magistrate Judge and denying Plaintiff leave to proceed in forma pauperis. Plaintiff was directed to submit the $350 filing fee for this action. Plaintiff failed to do so, and on August 4, 2009, this case was dismissed pursuant to Local Rule 110 for Plaintiff's failure to pay the filing fee.

    Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick</u>

Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)(en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).  The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'"  Id.

      Plaintiff's motion for reconsideration consists of Plaintiff's continued argument that his in imminent danger of serious physical injury.  Plaintiff sets forth no legal argument.  Plaintiff simply asks for reconsideration.  Plaintiff has cited no new facts, new law, mistake, fraud, or other extraordinary circumstances that would entitle Plaintiff to reconsideration.  See Fed.R.Civ.Pro. 60(b); Fed.R.Civ.Pro. 72(a); Local Rule 230(j).  As such, Plaintiff is not entitled to reconsideration.

      Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the August 4, 2009, order dismissing this action is denied.

      IT IS SO ORDERED.

**Dated:   July 21, 2010**             /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE